## UNITED STATES

v.

**Sergeant Lloyd D. DILLON, FR 304–68–6241 United States Air Force.**

### ACM 23141.

U. S. Air Force Court of Military Review.

Sentence Adjudged 31 March 1981.

Decided 23 Oct. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

### DECISION

PER CURIAM:

In accordance with his pleas, the accused was convicted by general court-martial, consisting of members, of wrongful sales of quaaludes and cocaine and wrongful possession of marijuana, violations of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. Contrary to his pleas, he was found guilty of wrongful possession of different amounts of these same substances. His approved sentence is bad conduct discharge, confinement at hard labor for two years, forfeiture of $334.00 per month for two years and reduction to airman basic.

Through negotiations with the accused and his wife, an undercover agent of the Office of Special Investigations (OSI) made controlled purchases of quaaludes and cocaine at the couple's on-base residence. Although most arrangements were made with the wife who participated in the sale of quaaludes on 11 July 1980, the accused, himself, completed sales of quaaludes on 18 July 1980 and cocaine on 11 September 1980. After the latter sale and on prearranged signal from the undercover agent buyer, OSI agents entered the accused's residence and apprehended the accused. The agents verified that the substance found on the buyer was cocaine. After this fact was communicated to the base commander, who had been informed previously of the other drug transactions at the accused's residence, the agents executed the commander's authorization to search the premises. Quaaludes, cocaine and marijuana were found in the couple's bedroom among the wife's clothing and jewelry, and

other marijuana was found in the living room and kitchen. The defense contested the accused's possession of the quaaludes, cocaine and marijuana found in the bedroom on 11 September 1980.

Among the errors assigned, the defense claims the military judge incorrectly admitted hearsay statements of the accused's wife which implicated the accused in the various drug offenses. These statements were made to the undercover agent and generally indicated that either the accused or his wife could obtain the controlled substances anytime the buyer wished and could complete the transaction in the other's absence. We reject this defense claim.

■ We find that the statements of the accused's wife were admissible in evidence against the accused under the provisions of Mil.R.Evid. 801(d)(2)E. The fact that within a two-month period both the accused and his wife actively participated in illegal sales of controlled substances to an undercover OSI agent which were transacted at their residence, provided independent evidence of the existence of a conspiracy between the spouses. Clearly, the questioned statements were made during the course and in furtherance of the conspiracy. In making his ruling, the military judge correctly applied the preponderance of evidence standard. Under the facts of this case, it was not necessary to consider the truth of the statements themselves to determine their admissibility. We do reject, however, his alternative basis for admissibility, that is, as statements against interest under Mil.R. Evid. 804(b)(3), because there is no showing that the declarant was unavailable within the rule's definition. Specifically, there is no indication in the record that the wife would have refused to testify as an exercise of spousal privilege under Mil.R.Evid. 504(a).

■ We agree with the defense's contention that, in this case, the offenses of wrongful possession of quaaludes, cocaine and marijuana were multiplicious for punishment purposes. This determination merely reduces the confinement at hard labor portion of the maximum permissible

sentence from 29 years to 22 years. The providence of the accused's pleas is not affected and we will reassess the sentence.

The remaining errors assigned are resolved adversely to the accused. We find there was probable cause to apprehend the accused and to authorize the search of his residence. We have reassessed the sentence and find it nonetheless appropriate. Accordingly, the findings of guilty and the sentence are

AFFIRMED.